# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

In re Michael B. Nifong,

        Debtor/Appellant

Case No. 08-00441-JAB

## PLAINTIFFS/APPELLEES' PARTIAL OPPOSITION TO THE MOTION FOR EXTENSION OF BRIEFING SCHEDULE BY MICHAEL B. NIFONG, AND REQUEST FOR A DIFFERENT SCHEDULE

Plaintiffs/Appellees David F. Evans, Collin Finnerty, and Reade Seligmann do not object to a reasonable extension of time to accommodate counsel's schedule. In fact, Plaintiffs have consistently agreed to reasonable extensions of time. But Plaintiffs oppose the patently unreasonable extension that Nifong seeks here, which would delay by another two months Plaintiffs' claims against Nifong, particularly after Nifong's counsel already has had more than five weeks to prepare his appeal brief. To prevent further needless delay, Plaintiffs respectfully request that the Court grant Nifong's request for an extension only in part. Plaintiffs request that the Court give Nifong seventeen additional days (until August 1, 2008) to file his appeal brief. In support of their Partial Opposition and Request, Plaintiffs state as follows:

    1.    Plaintiffs are the three innocent young men whom Nifong and his District Court co-defendants caused to be arrested, indicted, and publicly vilified on false charges of rape, first-degree sexual assault, and kidnapping in the Duke Lacrosse Case in 2006. On October 12, 2007, Plaintiffs served their District Court complaint in Case No. 07-739 on Nifong. Plaintiffs thereafter agreed to a 75-day extension of Nifong's deadline to file

a responsive pleading (from November 1, 2007 until January 15, 2008), which the District Court approved.

2. Rather than file a responsive pleading, Nifong waited until the January 15 deadline and instead filed a voluntary bankruptcy petition in the Bankruptcy Court. Nifong did not file an answer or motion to dismiss in the District Court.

3. On January 16, 2008, Nifong filed in the District Court a Notice of Filing Bankruptcy. On January 28, 2008, the District Court entered an Order stating as follows:

> IT APPEARING TO THE COURT that the individual defendant MICHAEL B. NIFONG has filed a voluntary petition in a Bankruptcy Court which may become dispositive of this litigation;
>
> IT IS ORDERED that the Clerk of Court terminate this action administratively in his records as to the individual defendant MICHAEL B. NIFONG and that any party shall have the right to reopen this case for any purpose on motion and notice to all other parties, without prejudice to the rights of any of the parties, at any time prior to the 90th day after the final termination of the bankruptcy proceedings.

4. Plaintiffs filed in the Bankruptcy Court a motion to lift the automatic stay "so that [Plaintiffs] may proceed with a pending District Court action to liquidate their claim against Nifong" (the "Lift-Stay Motion").

5. In the Bankruptcy Court, Nifong requested an extension of a briefing deadline, to which Plaintiffs agreed. *See* Ex. 1, Hrg. Tr. at 26, 30-31.

6. After submission of the parties' initial briefs, oral argument, and post-hearing supplemental briefing by the parties, the Bankruptcy Court on May 27, 2008 issued a 12-page Opinion and Order granting Plaintiffs' Lift-Stay Motion in all respects. *See* Ex. 2, 3. The Bankruptcy Court ordered that Plaintiffs' claims against Nifong be

heard in the District Court as part of Case No. 07-739. *See id.* On June 5, 2008, Nifong filed a Notice of Appeal.

7. It has been apparent since at least May 27, 2008 (five weeks ago) that Nifong's appeal brief would be due on or before July 15, 2008.[1] Thus, Nifong already has had five weeks to prepare an appeal brief on the single issue that his counsel already researched and briefed as part of the Bankruptcy Court proceeding.

8. On July 2, 2008, Nifong's counsel asked counsel for Plaintiffs Evans and Finnerty to consent to an extension. Plaintiffs' counsel stated that a ten-day extension until July 25, 2008 seemed reasonable, that a one-month extension was not reasonable under the circumstances, and that he needed to discuss Nifong's request with counsel for Plaintiff Seligmann. Plaintiffs' counsel therefore was surprised to receive notice, less than three hours later, that Nifong already had filed the instant motion stating that Plaintiffs' counsel "agreed only to an extension until July 25, 2008." In fact, after considering Nifong's request, Plaintiffs' counsel were prepared to agree to a seventeen-day extension (until August 1, 2008), and had expected to resolve this matter without Court involvement, but Nifong's rush to file prevented them from doing so.

9. Moreover, Nifong's motion does not simply seek to delay by one month the filing of his appeal brief. It also seeks to delay the filing of his reply brief into the fall (until September 30, 2008). Nifong's proposed briefing schedule (which he never discussed with Plaintiffs' counsel before filing) would vastly expand the time limits in the Federal Rules of Bankruptcy Procedure, which expressly provide that a reply brief is

---

[1] The Federal Rules of Bankruptcy Procedure establish a timeline for the briefing of an appeal, starting from the date of the Bankruptcy Court's Order. *See* Fed. R. Bankr. P. 8006; Fed. R. Bankr. P. 8007(b); Fed. R. Bankr. P. 8009(a).

due within ten days of an opposition brief. *See* Fed. R. Bankr. P. 8009(a). Nifong's proposed briefing schedule could add up to an extra two months to the briefing of Nifong's appeal in this already long-delayed case. If Nifong needs extra time to prepare his reply brief in light of his counsel's schedule in the future, then Plaintiffs will agree to a reasonable extension at the appropriate time. But Nifong has offered no justification for determining at this time that his reply brief need be postponed until the fall.[2]

10. Moreover, as noted above, Nifong's tactics already have delayed by six months the filing of his answer or motion to dismiss in Case No. 07-739. To the extent that Nifong is permitted to delay such a filing until after the instant appeal is decided, Nifong's proposed briefing schedule would delay such a filing even longer.

11. In view of Nifong's counsel's stated reasons for requesting an extension—a vacation, and hearings on July 3 and July 23—an extra seventeen days (until August 1, 2008) is more than enough time for Nifong's counsel to brief the single appeal issue, which he already researched and briefed in the Bankruptcy Court (even leaving aside that he already has had more than five weeks to prepare his brief).

WHEREFORE, Plaintiffs respectfully request that the Court grant Nifong's motion in part, by giving him seventeen extra days (until August 1, 2008) to file his appeal brief. A proposed order is attached.

---

[2] That delay is the motive of Nifong's proposed schedule is clear from the fact that it would extend by fifteen additional days *Plaintiffs*' time to file their opposition brief—an extension that Plaintiffs have never even requested.

Dated:   July 3, 2008						Respectfully submitted,

						**WILLIAMS & CONNOLLY LLP**


						By:   ___/s/ Charles Davant IV_____
						        Charles Davant IV (N.C. Bar #28489)
						        725 Twelfth Street, N.W.
						        Washington, D.C.  20005
						        Tel.    (202) 434-5000
						        Email  cdavant@wc.com

						*Attorney for Plaintiffs*
						 *David F. Evans and Collin Finnerty*

								-and-


						**RUDOLF WIDENHOUSE & FIALKO**


						By:   ___/s/ David S. Rudolf_____
						        David S. Rudolf (N.C. Bar #8587)
						        312 West Franklin Street
						        Chapel Hill, NC  27516
						        Tel.    (919) 967-4900
						        Email  dsrudolf@rwf-law.com


						*Attorney for Plaintiff Reade Seligmann*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

In re Michael B. Nifong,

       Debtor.

Case No. 08-00441-JAB

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

James B. Craven III
340 West Main Street
P.O. Box 1366
Durham, NC  27702

*Attorney for Michael B. Nifong*


Michael D West
Bankruptcy Administrator
P.O. Box 1828
Greensboro, NC 27402


I further certify that I caused the foregoing document to be served by first-class mail, postage prepaid, to the following non CM/ECF participants:

Sara A. Conti
Trustee
P.O. Box 939
Carrboro, NC 27510

Respectfully submitted,


s/ Charles Davant IV
Charles Davant IV (N.C. Bar No. 28489)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000 (tel.)
(202) 434-5029 (fax)
cdavant@wc.com

*Attorney for Plaintiffs David F. Evans and
   Collin Finnerty*