IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

IN RE:                              )
                                    )   No. 1:08 CV 441
MICHAEL B. NIFONG,                  )
                                    )   REPLY BRIEF OF DEBTOR/APPELLANT
            Debtor                  )

This brief reply is submitted on behalf of the debtor, Michael B. Nifong, in response to the September 15, 2008 brief of the three appellees, and pursuant to the order of July 15, 2008.

As discussed by Judge Stocks in his opinion appealed here, and in our brief filed August 15, 2008, there are <u>two</u> lines of case authority on the key issue in this case, whether the complaint against the debtor is a personal injury tort claim within the context of 28 U.S.C. 157(b)(5). The three plaintiffs however, innocent though they may be, are guilty of attempting to show that whichever line of case law this Court follows, they win. Their method of attack is a most tortured analysis of the line of cases we rely on, coupled with their customary righteous indignation we have become accustomed to since this case began, with adjectival surplus. As Judge Stocks indicated, it is <u>not</u> an open and shut proposition. We have recognized that from the outset and this Court should not be misled into thinking otherwise.

In their Statement of the Case section the three plaintiffs assume as proven fact that Mike Nifong and others conspired together and caused these three young men to be arrested, indicted, and publicly vilified on false charges of rape, sexual assault, and kidnapping. This is <u>not</u> the issue on this appeal,

nor is it accepted fact. It is simply legal hyperbole, not unlike that of the late Spot Mozingo of Darlington, South Carolina, who is said to have begun an oral argument in the Fourth Circuit in these words:

> May it please the Court. That my client is a paraplegic and his wife is in an insane asylum has nothing to do with the merits of this case.

Similarly the lurid details of the Duke lacrosse case has little if anything to do with the merits of this appeal.

Another distracting argument made by the three young men here concerns the Nifong homeowners' policies, that "Nifong has yet to produce sufficient documentation to establish whether or not these policies would cover the misconduct of issue." Their counsel have been provided <u>all</u> the information they need to answer that question. And, if they truly believe that a garden variety homeowners' policy would cover official acts of an elected District Attorney, their faith in the insurance industry of this country is sadly misplaced. Then there is also the irrelevant citation of the Fox News report of the Crystal Mangum book.

As noted in our earlier brief, we must reiterate now that three of the cases relied upon by the three young men are statutes of limitations cases <u>only</u>. These of course are <u>In Re Von Volkmar</u>, 218 B.R. 890 (Bkcy. N.D. Ill. 1998); <u>Almond v. Kent</u>, 459 F.2d 2000 (4th Cir. 1972); and <u>Wilson v. Garcia</u>, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). All else in those cases, for present purposes, is dicta.

We note also that while the legislative history of 28 U.S.C. 157(b)(5) is for the most part nonexistent, no less than Congressman Kastenmeier of Wisconsin, then Chair of the House Judiciary Committee, spoke to the issue here on the House floor. He said that it was only a "narrow category of cases" to which 28 U.S.C. 157(b)(5) would apply.

Both sides have made much of the allegations, which we believe specious, that the three young men have suffered <u>personal bodily injury</u>. Those allegations of course have yet to be tested, whether by Rule 11 inquiry or hard evidence. It his however remarkable that with all that has been written and said about this case, no hint of such bodily injury appeared until the complaint filed here. Will radiologists be needed as witnesses?

## CONCLUSION

In argument in the Bankruptcy Court, and to an extent in their brief here, counsel for the three young men have disclaimed interest in money. What they seek from Mike Nifong, we are told, is accountability. They forget, or choose to ignore, that Mike Nifong has been removed from office, has been disbarred, and was a 24 hour guest at the Durham County Jail. Yet now they want him held accountable? They already have all they will ever get from him, and if they don't understand that, their counsel do.

We happily rest on the above, and on our earlier brief. The Court must decide which of the two competing line of cases to follow here, but it must not be misled into thinking for a moment that it is open and shut. And of course

the matter is unlikely to end here, as surely whichever side does not prevail will proceed on to Richmond.

We respectfully urge the Court to reverse the May 27, 2008 decision of the Bankruptcy Court and remand the case.

                                          Respectfully submitted,

                                          /s/ James B. Craven III
                                          James B. Craven III
                                          Attorney for the Defendant
                                          NCSB. No. 997
                                          (919) 688-8295
                                          Box 1366
                                          Durham, NC 27702

# CERTIFICATE OF SERVICE

I have this day mailed copies of this reply brief to interested parties and counsel, as follows:

>Sara A. Conti, Esquire
>Chapter 7 Trustee
>Box 939
>Carrboro, NC 27510
>
>Charles Davant IV, Esquire
>Williams & Connolly
>725 Twelfth Street, NW
>Washington, DC 20005
>
>David S. Rudolf, Esquire
>Rudolf, Widenhouse & Fialko
>312 Franklin Street
>Chapel Hill, NC 27516
>
>Michael D. West, Esquire
>Bankruptcy Administrator
>Box 1828
>Greensboro, NC 27420

This 30th day of September 2008.

>/s/ James B. Craven III
>James B. Craven III