IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

IN RE:                                             )
                                                   )
MICHAEL B. NIFONG,                                 )
                                                   )
         Debtor.                                   )
                                                   )
_____                )
                                                   )
MICHAEL B. NIFONG,                                 )
                                                   )       1:08CV441
         Appellant,                                )
                                                   )
    v.                                             )
                                                   )
DAVID F. EVANS, COLLIN FINNERTY,                   )
and READE SELIGMANN,                               )
                                                   )
         Appellees.                                )

## ORDER

This matter is before the Court on a Bankruptcy Appeal filed by Debtor Michael B. Nifong, Case Number 1:08CV441. In this appeal, Appellant Nifong challenges the May 27, 2008 decision by the Bankruptcy Court which concluded that the claims asserted against Mr. Nifong in the underlying case of Evans v. City of Durham (1:07CV739) should be considered "personal injury tort claims" that must be tried in the district court under 28 U.S.C. § 157(b)(5). This appeal came before the Court for a hearing on December 4, 2008.

The Court has considered the briefs filed by the parties and the arguments made by the parties at the hearing on this appeal, and the Court has undertaken a review of the Bankruptcy Court's determination in this matter, reviewing findings of fact for clear error and conclusions of law de novo. Based on this review, the Court concludes that the Bankruptcy Court's determination was correct, based on the weight of authority presented. Therefore, the Court will affirm in full the

Bankruptcy Court's decision of May 27, 2008.

Moreover, as discussed at the hearing on this appeal, the Court further notes that even if the claims in the underlying Evans action were not considered "personal injury tort claims" under 28 U.S.C. § 157(b)(5), this Court would in any event, on its own motion, withdraw from the Bankruptcy Court the reference of that underlying dispute, pursuant to 28 U.S.C. § 157(d), for cause, in light of the nature and scope of the underlying claims asserted in the Evans case, and the existence of ongoing proceedings in this Court in that case. Specifically, the Court notes that the underlying claims against the Debtor are non-core matters for which a jury trial has been demanded, and the existence of parallel proceedings in the Bankruptcy Court and in this Court in these circumstances would result in confusion, delay, unnecessary duplication of effort and inefficient use of the parties' and the Court's resources.

The Court further notes that, consistent with the Bankruptcy Court's ruling, if the claims against the Debtor are ultimately reduced to judgment, that judgment would then be referred to the Bankruptcy Court for further proceedings and determinations as appropriate in the Bankruptcy Case, including the Dischargeability Proceeding that was stayed by the Bankruptcy Court's May 27, 2008 Order.

IT IS THEREFORE ORDERED that the May 27, 2008 decision of the Bankruptcy Court is AFFIRMED, and the Clerk is directed to enter Judgment in this Appeal pursuant to this determination.

This, the 4th day of December, 2008.

*James A. Beaty*
United States District Court Judge